**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1278-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AKBAR SALAAM, a/k/a
MALIK SALAAM, NAT
MCDANIEL, WILLIAM
MCDANIEL, WILLIAM
MCDANIELS, and
WILLIAM N. MCDANIELS,

    Defendant-Appellant.

_____

Submitted January 13, 2021 – Decided February 10, 2021

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 10-07-1670.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Akbar Salaam appeals from an October 2, 2019 order denying his motion for a new trial and petition for post-conviction relief without an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Donna M. Taylor in her well-reasoned written opinion.

We derive the following facts from the record. In September 2008, police arrested Richard Gillard for selling cocaine to an undercover police officer in Atlantic City. During custodial interrogation, Gilliard agreed to cooperate and revealed to Atlantic City Police Department (ACPD) Detective Daryl Dabney that defendant, also known as "Malik," had been selling heroin at the All Wars Memorial, a city-owned building in Atlantic City, where defendant worked as a maintenance supervisor for the Atlantic City Department of Public Works. Based on this information, Dabney sought to arrange controlled buys of heroin from defendant using Gilliard as a confidential informant (CI).

On April 30, 2009, Dabney arranged the first controlled buy for Gilliard to purchase five bricks of heroin from defendant. Police provided Gilliard with an audio and video recording device and supplied him with currency from the

Drug Enforcement Agency (DEA). Following the controlled buy, Gilliard gave law enforcement the five bricks of heroin he purchased from defendant.

Four additional controlled buys took place on May 13, May 14, June 11, and September 10, 2009. Gilliard used an audio recording device for the purchases on May 13 and May 14, and an audio video recording device for the purchases on June 11 and September 10.

An Atlantic County Grand Jury returned a thirty-count indictment charging defendant with five counts of second-degree official misconduct, N.J.S.A. 2C:30-2(a), and twenty-five narcotics offenses.

Defendant moved to dismiss the charges related to the June 11 purchase, alleging that Dabney falsely testified before the grand jury, based on the video's lack of clarity. When testifying, Dabney provided the following description of what the video depicted:

> You can observe Mr. Salaam meeting up with the CI in what appears to be a conference room and Mr. Salaam goes right into his pocket and he pulls out the packaged heroin. You can see it in his hand and he hands it to the CI, the confidential informant, and that's when he starts to inform the confidential informant to be careful when you leave here. The police are in the area.

A-1278-19

The court denied the motion, concluding the State had presented some evidence that all five controlled buys had taken place and finding it best to leave it to the trial jury to decide "what they see on the video and who they believe."

Thereafter, defendant unsuccessfully moved to dismiss the indictment again and requested a Driver[1] hearing. He sought to preclude the State from providing the jury with transcripts prepared by Dabney of the recordings of the controlled buys. The court explained that defendant's motion to dismiss was identical to his previous motion but would conduct a Driver hearing to address the quality of the audiotapes and videotapes at another time. However, defense counsel later withdrew the request.

During the trial, the State relied on audio and video recordings from Gilliard of the controlled buys to prove defendant sold heroin. The recordings were played to the jury and admitted into evidence.[2] The trial judge acknowledged the recordings were difficult to understand and allowed the jury to use the transcripts as a trial aid but not during deliberations.

---

[1] State v. Driver, 38 N.J. 255 (1962).

[2] The record indicates they were provided to the jurors—without objection from defense counsel—when all five of the recordings were played at trial.

On direct examination, Dabney testified that he did not use an undercover police officer for the controlled buys because "[it was] well-known from other informants that" defendant "ha[d] a particular clientele that he [sold] to." As soon as Dabney made this statement, the prosecutor intervened and requested that Dabney's testimony be struck from the record. Defense counsel agreed without objection. The trial court immediately gave this curative instruction:

> I'm going to strike the last answer that Detective Dabney gave. He started to tell [you] about information that he may have obtained from other sources and, of course, that would be hearsay. I'm going to strike it and instruct you not to consider it for any consideration whatsoever, so that will be stricken from the record.

The jury found defendant guilty of all thirty counts. In all, defendant was convicted of five counts of each of the following crimes: second-degree official misconduct; third-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); second-degree distribution of heroin within 500 feet of a public building, N.J.S.A. 2C: 35-7.1; third-degree possession of heroin with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); third-degree distribution of heroin within 1000 feet of school property, N.J.S.A. 2C:35-7; and third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1). State v. Salaam, No. A-6394-11 (App. Div. Feb. 4, 2015) (slip op. at 2), certif. denied, 222 N.J. 15 (2015). On July 6, 2012, defendant was sentenced "to consecutive terms of

imprisonment resulting in an aggregate sentence of forty years subject to twenty-five years of parole ineligibility." Id. at 3.

In his pro se supplement brief on direct appeal, defendant argued: (1) the indictment should have been dismissed due to the prosecutor's failure to present exculpatory evidence to the grand jury; (2) the prosecutor failed to disclose discoverable material which hindered defendant's right to present a defense; (3) the trial court failed to conduct a Driver hearing to determine the reliability and audibility of the recordings of the drug transactions; and (4) trial counsel was ineffective by failing to investigate and prepare an effective defense. We rejected these arguments, explaining:

> Twice defendant unsuccessfully moved pre-trial to dismiss Indictment No. 10-07-1670, alleging that exculpatory evidence had not been presented to the grand jury and that Atlantic City Police Detective Daryl Dabney gave false testimony in order to secure the return of the indictment. Although counsel and the trial judge discussed, pre-trial, conducting Driver hearings as to the tapes of the drug transactions, we have no indication that such hearings took place.
>
> . . . .
>
> Defendant's first point in his pro se brief requires little discussion. His attorney appropriately, pursuant to Rule 3:10-2(c), sought dismissal of the indictment because of Dabney's "misstatement" to the grand jury that he saw defendant during the course of the first transaction on the video, when the video itself was

6

obstructed. Generally, motions based on flawed grand jury presentations must be filed before trial, as a subsequent guilty verdict renders the error harmless.

Although Dabney misspoke with regard to the video of the first transaction, he was ultimately able to identify defendant's voice during the transaction. The prosecution relied upon this identification of defendant as the drug seller during the trial.

Defendant's attorney filed a pre-trial application to compel the State to provide him with discovery from the DEA file regarding another individual who was investigated along with defendant. The prosecutor's response to the application was that he had provided counsel with everything he had related to the investigation of defendant. The judge, accordingly, denied the motion as defendant could not identify the allegedly discoverable materials in the federal file related to his charges and the prosecutor had no knowledge of any additional documents related to defendant in that file. Ultimately, the judge doubted his authority to order the DEA to provide defendant with the discovery, even if it had existed. The application simply lacked any support that made it appear more than a fishing expedition. We see no error in the judge's refusal to order discovery that may not have even existed from a federal agency.

. . . Apparently, the audio quality of the tapes in this case did not necessitate a hearing.

Defendant also raises the issue of ineffective assistance of counsel. We do not address that claim at this stage, as ordinarily, such issues are preserved for postconviction relief and not in the direct appeal.

A-1278-19

In sum, we do not believe that defendant's pro se points of error warrant further discussion in a written decision.

[Salaam, slip op. at 3, 25-27 (citations omitted).]

We affirmed defendant's convictions but remanded for resentencing because: (1) "the consecutive terms of imprisonment did not comply with the standards articulated in State v. Yarbough, 100 N.J. 627 (1985)"; (2) the trial court improperly applied aggravating factors one, N.J.S.A. 2C:44-1(a)(1), and eleven, N.J.S.A. 2C:44-1(a)(11); (3) defendant's sentence was effectively a life sentence given his age; and (4) every CDS-related count needed to be merged "into the five separate official misconduct counts to which they chronologically correspond." Salaam, slip op. at 3, 28-30, 32.

On remand, defendant was resentenced to an aggregate thirteen-year term subject to a ten-year parole-bar. Defendant appealed his revised sentence, and we again remanded because "the court did not provide adequate findings to support imposition of consecutive terms." State v. Salaam, No. A-1999-15 (App. Div. Aug. 2, 2016). On the second remand, the trial court made additional findings but did not modify the sentence. Defendant appealed a third time, challenging the consecutive sentence. The appeal was heard on an oral sentencing calendar pursuant to Rule 2:9-11 and we affirmed the sentence. State

8

v. Salaam, No. A-1238-16 (App. Div. Feb. 7, 2017). The Supreme Court denied certification. State v. Salaam, 233 N.J. 320 (2018).

Meanwhile, on August 8, 2017, defendant filed a pro se PCR petition. The petition was dismissed without prejudice due to his then pending direct appeal.

On October 23, 2018, defendant filed a second pro se PCR petition. PCR counsel was appointed, who submitted briefs in support of defendant's petition and motion for a new trial and filed an amended PCR petition.

First, defendant argued an evidentiary hearing was required because trial counsel provided ineffective assistance by: (1) failing to pursue a Driver hearing application; (2) failing to make certain arguments at resentencing; (3) failing to call witnesses at trial; (4) failing to object to the admittance of the lab report into evidence; (5) failing to move for a mistrial; and (6) failing to argue the "no free crime" factor under Yarbough. Second, defendant argued that appellate counsel was ineffective by failing to appeal the denial of his motion to dismiss and Brady[3] motion. Third, defendant argued the trial court should have declared a mistrial because the State committed a Brady violation by failing to disclose Gilliard's CI status and the existence of the DEA investigation.

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

Judge Taylor concluded that defendant's claims lacked evidentiary support.  She further found he failed to satisfy either prong of the Strickland/Fritz[4] test, "fail[ing] to meet his burden by a preponderance of the evidence that trial counsel was ineffective."

A. Ineffective Assistance of Trial Counsel

First, the judge rejected defendant's claim that trial counsel was ineffective by failing to pursue a Driver hearing, explaining that trial counsel stated he wanted the recordings played for the jury and intended to use the recordings to cross-examine Dabney.  The court emphasized that Driver "does not provide the petitioner an avenue for relief to exclude the transcripts," rather it "affords defendants . . . the opportunity to challenge the admissibility of the recordings."  In addition, the court rejected defendant's contention that the transcripts were prejudicial, despite their imperfections, because the jury was instructed that the transcripts were not evidence—only the audio recordings were evidence.  Furthermore, "[t]here [was] nothing in the record to suggest the jury failed to adhere to the [c]ourt's instruction."

---

[4] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

Second, the judge rejected defendant's argument that trial counsel should have argued against a consecutive sentence during the resentencing hearing. The judge found that defendant failed to demonstrate prejudice under prong two, noting that appellate counsel specifically raised this issue on appeal, but the sentence was affirmed by this court. The judge also found defendant failed to demonstrate that, but for trial counsel's failure to raise these arguments during his original sentencing, the trial court would have imposed concurrent rather than consecutive sentences.

Third, the judge rejected defendant's argument that trial counsel was ineffective by failing to call four witnesses at trial. While defendant alleged he requested trial counsel to interview them, who he claimed "would have testified they were present at the All Wars Memorial Building with [defendant] on the alleged offense dates and did not observe the alleged transaction," defendant only submitted a single certification that was not sufficient to demonstrate that "the outcome of [defendant's] trial would have been different [had] these witnesses" testified. Even if the witnesses had testified, their testimony "would not have undermined the State's case let alone resulted in a different verdict." Defendant "was recorded distributing narcotics to a confidential informant on five different occasions."

Fourth, defendant argued that trial counsel should have objected to the admission of the laboratory report because the State failed to test all the heroin seized. The judge explained that the State was not required to do so because it may use circumstantial evidence to prove the amount of drugs defendant possessed, citing State v. Gosa, 263 N.J. Super. 527, 537 (App. Div. 1993).

Fifth, the judge rejected defendant's argument that trial counsel was ineffective by failing to move for a mistrial after Dabney stricken testimony. testified on direct that he did not believe using an undercover officer "would ever work" because defendant "ha[d] a particular clientele that he sells to, and it's well-known from other informants." The judge concluded Dabney had testified "from [his] personal knowledge rather than relaying what the informants may have said to him." Moreover, "[t]the prosecutor successfully stopped Det. Dabney from giving hearsay testimony[,] which he was likely about to do."

Finally, the judge rejected defendant's claim that trial counsel was ineffective at resentencing by failing to argue the "no free crimes" factor under Yarbough. The judge found counsel made this argument and the trial "court considered all of the competent and credible evidence raised at re-sentencing,

including trial counsel's arguments under <u>Rogers</u>." [5]  Thus, defendant failed to demonstrate prejudice.

B. Ineffective Assistance of Appellate Counsel

First, the judge did not agree that appellate counsel was ineffective for failing to appeal the denial of the motion to dismiss the indictment.  The judge noted that Dabney's testimony regarding the controlled buys "was not the sole evidence presented to the grand jury" as "Dabney gave other testimony in support of the indictment."  Further, the Appellate Division had considered and rejected defendant's pro se argument that the indictment should have been dismissed because the prosecutor failed to present exculpatory evidence to the grand jury.  Therefore, defendant failed to demonstrate that had appellate counsel presented this argument, we would have reached a different outcome.

Second, the judge rejected defendant's claim that appellate counsel was ineffective for failing to appeal the denial of defendant's <u>Brady</u> motion.  Judge Taylor concluded that the prosecutor's office had turned over all discovery concerning defendant and noted the prosecutor stated he did not have access to the DEA's file.  Thus, the prosecutor fulfilled his discovery obligations.

---

[5]  <u>State v. Rogers</u>, 124 N.J. 113 (1991).

## C. Defendant's Motion for a New Trial

Defendant moved for a new trial based on newly discovered evidence, arguing: (1) Dabney's credibility was in question given newly discovered evidence; and (2) Gilliard, the State's chief witness, had served as a confidential informant on ten prior occasions. Defendant relied on an affidavit from Patricia Hall, who was also being investigated, that revealed defendant was a part of a drug investigation conducted jointly by the Atlantic City Police Department (ACPD), the Prosecutor's Office, and the DEA. He reiterated that the prosecutor's office violated Brady by failing to produce the DEA file.

Next, defendant, relying in part on an affidavit of Felix Beltran, Sr., who was charged with narcotics offenses in May 2009, that asserted Gilliard was acting as a CI when he met defendant. Defendant argued that Gilliard "offer[ed] himself as an informant to curry favor with the police while facing criminal charges," and the affidavit "would have aided the jury in assessing . . . Gilliard's credibility." In addition, defendant argued that information about Gilliard's "access to at least one other supply of heroin . . . at the same time [he] was supposedly obtaining heroin from [defendant] was relevant and exculpatory" evidence.

The judge concluded defendant failed to demonstrate there were disputed material facts that were "unresolvable through reference to the current record." Applying the test adopted in State v. Carter, 85 N.J. 300, 314 (1981), the judge determined that defendant failed to show that the new evidence was "(1) material to the issue and not merely cumulative or impeaching or contradictory and (2) discovered since the trial and not discoverable by reasonable diligence beforehand." The judge found that the new evidence was "impeaching, used for the purpose of assessing the respective credibility of Detective Dabney and Richard Gilliard." In addition, the judge found defendant "ma[de] no demonstration that this evidence could not have been discovered by reasonable diligence beforehand."

Lastly, the judge found that defendant's remaining arguments[6] were procedurally barred because he did not establish that: (1) he "could not have reasonably raised the issue[s] in a prior proceeding"; (2) enforcing the bar would "result in a fundamental injustice"; or (3) "denial of relief would be contrary to a new rule of constitutional law." R. 3:22-4. This appeal followed.

---

[6] Defendant's remaining arguments were that (1) his sentence was illegal; (2) his illegal sentence should be corrected; (3) a mistrial should have been granted based on the removal of a juror for bias; and (4) the trial was tainted because a paralegal modified recordings of the drug purchases.

Defendant raises the following points:

POINT I

AS DEFENDANT HAD ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE PCR COURT ERRED WHEN IT DENIED HIS PETITION FOR POST-CONVICTION RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING.

(1) Trial counsel was ineffective for failing to pursue a Driver Hearing.

(2) Trial counsel failed to investigate and call exculpatory witnesses for the defense.

(3) Trial counsel was ineffective by failing to ask for a mistrial after Detective Dabney's testimony suggested that defendant had previously been engaged in the drug trade.

(4) Trial counsel was ineffective at defendant's final re-sentencing.

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO ARGUE THAT THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT WAS ERROR.

POINT III

AS THERE WAS A REASONABLE PROBABILITY THAT THE VERDICT WOULD HAVE BEEN DIFFERENT HAD THE JURY CONSIDERED NEWLY DISCOVERED EVIDENCE, THE PCR

16

A-1278-19

COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR A NEW TRIAL.

POINT IV

AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

"The Sixth Amendment of the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution require that a defendant receive 'the effective assistance of counsel' during a criminal proceeding." State v. Porter, 216 N.J. 343, 352 (2013). A two-pronged test for determining whether trial counsel's performance was ineffective was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

To prevail on a claim of ineffective assistance of counsel, defendant must establish that: (1) counsel made errors that were so egregious that he or she was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel.

17

He must allege facts sufficient to demonstrate counsel's alleged substandard performance."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief.  State v. Nash, 212 N.J. 518, 541 (2013).

Rule 3:22-10(b) governs the right to an evidentiary hearing.  It provides:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.  To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

We "conduct a de novo review" when a PCR petition is denied without an evidentiary hearing.  State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).

As to counsel's decision to withdraw the request for a Driver hearing, a partially intelligible recording with probative value "is admissible even though substantial portions thereof are inaudible."  State v. Nantambu, 221 N.J. 390, 406 (2015) (quoting State v. Zicarelli, 122 N.J. Super. 225, 239 (App. Div. 1973)).  Accord State v. Cusmano, 274 N.J. Super. 496, 501 (App. Div. 1994).

18

Moreover, a defendant may waive a Driver hearing.  State v. King, 215 N.J. Super. 504, 516 (App. Div. 1987).

Counsel made a strategic decision to allow the jury to hear the recordings after deciding the recordings could be effectively used to cross-examine Dabney.  He "would rather have [Dabney] testify in court and then we cross-examine and I can use the tapes as opposed to the detective's transcript of what was said to be used as an aid.  Because I know the jury's not going to understand the tapes."

Defendant has not "overcome the presumption that, under the circumstances, the 'challenged action might be considered sound trial strategy.'"  Harris, 181 N.J. at 431 (quoting Strickland, 466 U.S. at 689).  "Defendants have a right to a reasonable strategy based on reasonable investigation; they may not claim ineffective assistance merely because the strategy did not produce the result counsel sought."  Id. at 488 (citing State v. Bey, 161 N.J. 233, 251 (1999)).

Driver does not apply to transcripts of recordings.  The trial court may, in its discretion, allow the use of transcripts to assist the jury in understanding a recording.  Zicarelli, 122 N.J. Super. at 239.  Here, the trial court properly instructed the jury regarding their use.

19

Defendant's claims that counsel was ineffective by failing to investigate and call witnesses also lack merit. At most, the witnesses expected testimony would have been used to impeach Dabney's testimony. Defendant's assertion that the witnesses did not observe him selling drugs is not direct exculpatory evidence that he did not sell heroin to Gilliard. Indeed, none of the witnesses recalled whether they saw defendant on the dates the crimes occurred. Defendant's assertion that his co-worker, Terry Phillips could have provided "exculpatory information" was unsupported. We agree that the testimony of these witnesses would not have significantly undermined the State's case or resulted in a different verdict.

Defendant's claim that counsel did not argue the no free crimes factor under Yarbough is belied by the record. Defendant was convicted of official misconduct for distributing heroin on five separate occasions in the public building where he worked. Counsel successfully obtained merger of all but five of thirty counts, and only one consecutive term.

Lastly, the judge correctly denied defendant's motion for a new trial. Where the defendant is convicted by a jury, the court may grant the motion for a new trial only when "it clearly and convincingly appears that there was a manifest denial of justice under the law." R. 3:20-1. Newly discovered evidence

20

warrants a new trial when it is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Carter, 85 N.J. 300, 314 (1981). A defendant must satisfy all three prongs of the test to be granted a new trial. Ibid. (citing State v. Johnson, 34 N.J. 212, 223 (1961)).

Evidence that is merely impeaching "is not of great significance and would probably not alter the outcome of a verdict." State v. Ways, 180 N.J. 171, 189 (2004). Here, the proffered evidence was at most impeaching. Second, defendant did not demonstrate the evidence was not discoverable earlier by exercising reasonable diligence. Third, he did not demonstrate the newly discovered evidence was "of sufficient weight that it would probably alter the outcome of the verdict in a new trial." Id. at 188. Accordingly, the motion was properly denied. See Carter, 85 N.J. at 314.

In sum, the record amply supports Judge Taylor's factual findings and legal conclusions, including her determination that defendant did not satisfy either prong of the Strickland/Fritz test and thus did not present a prima facie case warranting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

21

A-1278-19